UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 3 0 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
)
)
v. ) Mag. No. 11-599 (JMF/RCL)
)
CHRISTOPHER BURDETTE, )
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

Before the Court is the government's Motion for Emergency Stay and for Review and Appeal of U.S. Magistrate Judge Anthony Porcelli's order authorizing defendant's release. Pursuant to 18 U.S.C. § 3145(a)(1), this Court is empowered to review a release order by a magistrate judge in another federal district court for a defendant over whom this Court has original jurisdiction for the offense charged. The standard of review is *de novo*. *See United States v. Hudspeth*, 143 F. Supp. 2d 32, 36 (D.D.C. 2001). For the reasons set forth below, the Court will reverse the Magistrate Judge's decision to release defendant.

### I. BACKGROUND

On August 19, 2011, Magistrate Judge John Facciola of this District issued a warrant to arrest defendant on a child pornography charge in violation of 18 U.S.C. § 2251(a),(e). On August 22, 2011, FBI agents arrested defendant at the airport in Tampa, Florida, on his way to travel outside of Florida. That afternoon, defendant was brought before Magistrate Judge Anthony Porcelli of the Middle District of Florida for an initial appearance and removal proceedings. At that hearing, the government asked the court to detain defendant without bail pending removal to and trial in this District. The Magistrate Judge denied the government's

1

motion for pretrial detention, admitted defendant to bail, and released him. Defendant's release conditions include a $50,000 bond and requirements to reside at the marital home and undergo electronic monitoring pending rehearing. At the government's request, the Magistrate Judge stayed defendant's release until close of business on the next day, August 23, 2011. The government now appeals, asking this Court to stay defendant's release and overturn the Magistrate Judge's release order. At the conclusion of this Court's hearing on August 23, 2011, the Court orally ordered that defendant be detained and indicated that it would issue written findings of fact and conclusions of law.

## II. LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides that a defendant may be detained pending judicial proceedings where the government carries its burden of establishing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e),(f). On the government's motion, the court shall hold a hearing to determine whether there are conditions of release that would reasonably assure the defendant's appearance and the safety of the community where the defendant has been charged with a "crime of violence." *Id.* § 3142(f)(1)(A). In making this determination, the court must consider any available information regarding: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"; (2) "the weight of the evidence against the person"; (3) various personal information relating to "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

There is a rebuttable presumption that a defendant should be detained before trial if the court finds probable cause to believe that the defendant has committed "an offense involving a minor victim" under 18 U.S.C. § 2251. *Id.* § 3142(e)(3)(E). The court will "presume[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* § 3142(e)(3). The defendant may rebut this presumption by offering "credible evidence" to the contrary. *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

III. **DISCUSSION**

Upon consideration of the government's proffered evidence and the arguments presented by both parties, the Court finds that defendant's release poses a risk to the community's safety and that no condition or combination of conditions would reasonably protect against that risk. *See* 18 U.S.C. § 3142(e). In support of that conclusion, the Court finds as follows:

1. Defendant is detainable, subject to the Court's examination of the factors to be considered for detention, *see id.* § 3142(g), because the charge against him is defined as a crime of violence. *See id.* § 3142(f)(1)(A); *id.* § 3156(a)(4)(C) (defining "crime of violence" to include any felony violation of chapter 110 of Title 18, which includes 18 U.S.C. § 2251).

2. The government has proffered sufficient evidence to establish probable cause to believe that defendant has committed an offense involving a minor victim under 18 U.S.C. § 2251. The arrest warrant issued by Magistrate Judge Facciola indicates that defendant has been charged with attempted production of child pornography in violation of 18 U.S.C. § 2251(a),(e). The government's evidence includes the arrest warrant and the attached affidavit submitted by Detective Timothy Palchak (hereinafter "UC") of the D.C. Metropolitan Police Department ("MPD"), who acted in an undercover capacity as part of a multijurisdictional FBI/MPD Child

Exploitation Task Force; transcripts of an online "chat" and email between defendant and the UC; and a taped phone call between defendant and the UC. This evidence demonstrates that defendant asked the UC to show him images via live webcam of the UC's purported 12-year-old stepdaughter engaging in sexual acts; that defendant asked when the UC would have access to the purported 12-year-old and stated that he could only watch her via webcam while he was away from home on travel; that defendant stated that he would mail the UC a small dildo and his wife's used panties for the purported 12-year-old to use while defendant watched her via webcam; that defendant stated that he stores child pornography on a thumb drive; and that defendant sent the UC over 30 videos and over 25 images of adults engaging in sexual acts with children as young as 3 years old.

Subsequent investigation established defendant's identity, address, marital and employment status, and other identifying information. Upon issuance of the arrest warrant, defendant was arrested at the airport on his way to travel outside of Florida. Law enforcement officers searched defendant and recovered a dildo vibrator and a used pair of adult female underwear—the same items he had discussed sending to the UC for the purported 12-year-old to use while defendant watched her via webcam—as well as a thumb drive containing images of child pornography. When questioned by law enforcement, defendant admitted to communicating with the UC and initialed portions of the chat transcript.

3. Because the Court finds probable cause to believe that defendant has committed an offense involving a minor victim under 18 U.S.C. § 2251, there is a rebuttable presumption that he should be detained before trial. The Court finds that defendant has failed to rebut that presumption by demonstrating that there is any condition or combination of conditions that will reasonably assure the safety of the community if he is released. *See id.* § 3142(e)(3).

Specifically, the Court finds that the weight of the factors enumerated in § 3142(g) supports defendant's continued detention. As noted above, the offense charged is a crime of violence. Furthermore, the weight of the government's evidence against defendant is strong. And given the nature of that evidence, the Court finds that defendant's release would pose a significant danger to a particularly vulnerable segment of the community—children. In light of these factors, the Court is not persuaded that defendant's current release conditions, employment, and marital status—or any other condition or combination of conditions—would reasonably assure the community's safety if he is released. The Court notes, with some sadness, that defense counsel proffered that defendant is a 52-year-old employee of a federal government defense contractor who has never been convicted of any offense. Nevertheless, the Court finds that the Magistrate Judge's decision to release defendant was erroneous because of the other factors demonstrating the danger of releasing defendant under any conditions.

IV. **CONCLUSION**

For the reasons discussed above, it is hereby

ORDERED that the Magistrate Judge's decision to release defendant is REVERSED.

It is furthermore ORDERED that defendant shall be held without bond pending further proceedings. The Court will request that the United States Marshal for the District of Columbia effect defendant's transfer to this Court as promptly as possible for future proceedings.

It is furthermore ORDERED that this case is unsealed.

SO ORDERED this 30th day of August 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court